IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| HUBER HEIGHTS VETERANS CLUB, INC. | : : : | Case No. 3:22-cv-00159 |
| Plaintiff, | : : | District Judge Michael J. Newman<br>Magistrate Judge Caroline H. Gentry |
| vs. | : : : | |
| KEVIN A. BOWMAN, et al., | : : | |
| Defendants. | : | |

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REFER MATTERS OF THE COMPLAINT TO THE GRAND JURY (DOC. 20)**

This matter is before the Court on Plaintiff's Motion to Refer Matters of the Complaint to the Grand Jury ("Motion," Doc. 20). For the reasons stated below, Plaintiff's Motion is DENIED.

**I.   BACKGROUND**

This lawsuit arises from a dispute over property rights. Specifically, Plaintiff Huber Heights Veterans Club, Inc. alleges that Defendants unlawfully "took possession and control of [its] real property, chattels, fixtures and personal property." (Doc. 1, PageID 2-3.) Plaintiff asserts claims under the Fifth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. §§ 1981, 1982, 1983 and 1985. (*Id.*, PageID 2.)

In its Motion, Plaintiff seeks an order "pursuant to 18 U.S.C. § 3332 … referring the matters of Plaintiff's complaint to the Grand Jury for indictment of Defendants on account of their acts of fraud and larceny." (Doc. 20, PageID 69.)

In response, Defendants assert that Plaintiff has sued them several times based on the same allegations in state court and federal bankruptcy court, and those lawsuits were unsuccessful. (Doc. 21, PageID 73.) They argue that the Motion should be denied because it "is not a motion recognized under the Federal Rules of Civil Procedure" and instead is intended solely for purposes of harassment. (*Id.*, PageID 76-78.)

II.     LAW AND ANALYSIS

The cited statute, 18 U.S.C. § 3332(a), provides that "alleged offenses may be brought to the attention of the grand jury by the court." Nevertheless, federal courts have recognized that "[t]he decision whether to prosecute and what charge to file or bring before a grand jury are decisions that lay within a prosecutor's discretion." *Mohwish v. Gentry*, Nos. 97-5331, 97-5417, 1998 U.S. App. LEXIS 17922, 1998 WL 466567, *2 (6th Cir. July 31, 1998) (citing *U.S. v. Oldfield*, 859 F.2d 392, 398 (6th Cir. 1988)). Courts have further held that Section 3332(a) does not create a private right of action. *Morales v. U.S. Dist. Court*, 580 F. App'x 881, 886 (11th Cir. 2014); *In re Schleeper*, No. 97-5263, 1997 U.S. App. LEXIS 35905, *2 (D.C. Cir. 1997). For both of these reasons, federal courts routinely deny civil motions to refer matters to the grand jury. *E.g., Lynn v. Willnauer*, No. 5:19-cv-3117, 2021 U.S. Dist. LEXIS 70767, 2021 WL 1390384, *61-63 (D. Kan. Apr. 13, 2021); *Yancey v. Carson*, Nos. 3:04-cv-556, 3:04-cv-610, 2007 U.S. Dist. LEXIS 91975, *2 (E.D. Tenn. Dec. 14, 2007).

In sum, Section 3332(a) does not create a private right of action and, further, the prosecutor and not this Court should exercise its discretion to refer matters to the grand jury. For both of these reasons, Plaintiff's Motion is DENIED.

2

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.4.

**IT IS SO ORDERED.**

                                            */s/ Caroline H. Gentry*
                                            Caroline H. Gentry
                                            United States Magistrate Judge