IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| HUBER HEIGHTS VETERANS CLUB, INC. | : Case No. 3:22-cv-00159 |
| Plaintiff, | : District Judge Michael J. Newman : Magistrate Judge Caroline H. Gentry |
| vs. | : |
| KEVIN A. BOWMAN, et al., | : |
| Defendants. | : |

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY (DOC. 17)

This matter is before the Court on Defendants' Motion to Stay Discovery Pending Resolution of Pending Motion to Dismiss ("Motion," Doc. 17). For the reasons stated below, Defendants' Motion is GRANTED.

I.   FACTUAL BACKGROUND

This lawsuit arises from a dispute over property rights. Plaintiff Huber Heights Veterans Club, Inc. alleges that Defendants unlawfully "took possession and control of [its] real property, chattels, fixtures and personal property." (Doc. 1, PageID 2-3.) Plaintiff asserts claims under the Fifth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. §§ 1981, 1982, 1983 and 1985. (*Id.*, PageID 2.)

In their Motion, Defendants argue that discovery should be stayed because the claims in Plaintiff's Complaint are frivolous, Plaintiff previously filed similar lawsuits against Defendants and lost all of them, and Plaintiff has been deemed to be a vexatious

1

litigator by and is barred from filing lawsuits in state court. (Doc. 17, PageID 60-61.) Defendants also state that Plaintiff served voluminous discovery requests prior to the Rule 26(f) conference, in violation of Fed. R. Civ. P. 26(d). (*Id.*, PageID 59.)

In response, Plaintiff states that it does not object to a short stay of discovery, so long as it has a reasonable opportunity to complete discovery. (Doc. 18, PageID 66-67.) Specifically, Plaintiff requests that the deadline for completing discovery be set for a date at least thirty days before the deadline for filing motions for summary judgment. (*Id.*)

## II. LAW AND ANALYSIS

This Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Loc. 310 Fring Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (internal quotations and citation omitted). It may be appropriate to stay discovery, for example, where claims are subject to dismissal "based on legal determinations that could not have been altered by any further discovery." *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995). When deciding whether to stay discovery, the Court must weigh the burden of proceeding with discovery against the hardship, if any, that would result from delaying discovery. *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-219, 2010 U.S. Dist. LEXIS 103399, *3 (S.D. Ohio Sept. 16, 2010) (Abel, M.J.).

The Court concludes that it is appropriate to stay discovery. Defendants' pending motion to dismiss raises preliminary questions that may dispose of this case without the need for conducting discovery. *Gettings*, 349 F.3d at 304; *Muzquiz*, 70 F.3d at 430. Further, Plaintiff does not oppose a stay of discovery provided that its deadline for

2

completing discovery will be at least thirty days prior to the deadline for filing motions for summary judgment. Therefore, the burden of proceeding with discovery outweighs the hardship that would result from a stay. *Bowens*, 2010 U.S. Dist. LEXIS 103399, *3.

Accordingly, the Court GRANTS Defendants' Motion (Doc. 18) and orders that discovery is STAYED until after the resolution of Defendants' motion to dismiss.

**IT IS SO ORDERED.**

        */s/ Caroline H. Gentry*
        Caroline H. Gentry
        United States Magistrate Judge

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.4.